OPINION of the Court, by
Judge Owsley.
— M’Nitt claiming the equitable right to a tract of land, the legal title to which, as he alleged, was in David Logan, exhi-bited his bill in equity against David Logan to recover land‘
The suit was prosecuted to an ultimate and final de«* termination, and a decree pronounced in favor of M’N itt f°r t^ie lan(h M’Nitt then caused to be issued a writ of habere facias possessionem, on the decree, and t he sheriff, to whom it was directed, expelled James Logan, who was theta in possession of part of the land, therefrom, and delivered the possession to M’Nitt. Upon the re- *531 tu|n of the execution to court by the sheriff, James' Lo» gañ moved the court to set aside the execution of the writ by the sheriff, and for a writ of restitution. His motion was overruled by the court, and all the evidence used on the motion spread on the record by bill of exceptions ; and to reverse the decision of the court in refusing him restitution, Logan has prosecuted this writ of error.
James Logan claims the land through David Logan, and contends the evidence introduced by him on the trial of the motion in the court below, establishes a pur* chase made by him from David Logan, anda deed of conveyance executed by David to him prior to the commencement of the original suit by M’Nitt against David Logan. But it is contended on the part of M’Nitt that although a deed is shewn from David to James Logan of prior date to the commencement of the original suit, the evidence so far from proving á due execution of the deed according to that date, satisfactorily shews it to have been antedated and made since, for the fraudulent purpose of evading the effect of the decree obtained by him in that suit.
Whether the conclusion drawn from the evidence by Logan or M’Nitt, be the correct one, we have not thought it necessary or proper to inquire : for the evidence is certainly of a very dubious character, and whatever might be the construction of law on a given state of facts, we cannot suppose that- the court were bound, or that it was proper for them on motion to investigate and determine the truth of those facts ; especially when it is manifest if the facts be as they are assumed to be by Logan, he has ample remedy by action in the usual and accustomed form.
We are aware of no case either in England or this Country, where on motion restitution has been awarded under circumstances like the present. Several cases were cited in argument, but none of which bear any, or if any, a very slight analogy to the present. The facts in those cases seem not to have been litigated, but they turned on the construction of law on. an admitted state of facts.
But where the right to restitution depends, as in this «ase, on a contested state of facts, manifested by ex* (tremely dubious evidence, it is certainly more c©oa«- *532 nant to principle and better calculated to attain perfect justice, to require that right to be prosecuted in the ordinary mode of action ; for by deciding on the case by way of motion, the court not only draws from tile proper and constitutional tribunal the ascertainment of doubtful facts, but thereby perform the vain and nugatory task of deciding under circumstances which cannot conclude the parties or put a final end to the question in litigation. It is true in modern times motions have been indulged to a very liberal extent ; and could we suppose there exists no other remedy for Logan, admitting as true the conclusions drawn by him from the evidence, \ve should have great hesitation in deciding be could not be heard in that way. But if he really and bona Jide purchased and obtained from David Logan, prior to the commencement of the original suit by M’Nitt, a conveyance for the land, it is clear he may be relieved in the usual form of action. Nor do we suppose the circumstance of the deed from David Logan 'not having been recorded in the time prescribed bj law, can affect the case : for as the deed, if genuine, passed the estate from David, and would be effectual in a contest between him and James, so. \ve apprehend it would be sufficient against M?Nitt, who claims the land under a decree against Dayid, founded on an equity not derived from him. Considering then that the right ol James to the land, if any he has, is of a doubtful nature, and considering also if he has right ample remedy is afforded him by action, vve think the .court below properly re** fused to award him restitution.
Judgment affirmed.