*304 Opinion of the Court,
by Judge Owsley.
In a chancery suit prosecuted by the heirs of M’Chord against David Logan and Hugh Talbot, a decree was pronounced in favor of the former, for a tract of land tliei-ein particularly described.
^ ^ie ^me Pronouncing this decree, John Sims was in possession of part of the land, holding as tenant under M’Clintock, who claims adversely to M’Chord’s heirs and Logan; but neither Sims nor M’Clintock was Party to the suit in which the decree was pronounced,
Under a writ of habere facias possessionem, which issue(j upon the decree, the sheriff dispossessed Sims, and returned upon the writ that he had delivered the possession to the heirs of M’Chord.
■ M’Clintock then applied to the court, and obtained an order f°r a writ of restitution, to be restored to the possession of the land from which the sheriff had expelled Sims.
To reverse that order, the heirs of M’Chord have brought the case to this court.
Under the writ of habere facias possessionem, which issued upon the decree, it was undoubtedly irregular for the sheriff to disposses Sims. The doctrine is well settled, that a decree has no legal efficacy against persons not party or privy to the suit in which it is pronounced, as ^le object of the writ of possession which issued in favor of the heirs of ’Chord, was to carry into ef *305 feet the decree upon which it issued, the sheriff most indubitably can have derived therefrom ho authority to dispossess Sims, who was no party to the suit, and who held the possession under M’Clintock, who was also no party.
A landlord may make the motion for restitution, where his tenant has been ousted.
The sheriff having, therefore, transcended his authority in dispossessing Sims, it was, we apprehend, not only prbper, but incumbent upon the court to correct the abuse of its process, by awarding a writ of restitution.
If the evidence going to shew the abuse of the process of the court by the sheriff in delivering the possession of Sims to the heirs, were of a doubtful character, it might have been competent for the court to refuse to decide upon the evidence in this summary mode, and leave Sims and his landlord, M’Clintock, to assert their right in the accustomed action of ejectment, as was done in the case of Logan vs. JWMilt, 3 Bibb 530.
But in this case, there is no room for controversy, as to the facts upon which the application of M’Clintock for restitution is predicated. It is. not pretended that cither Sims or M’Clintock was party to the suit in chancery, brought by the heirs of M’Chord against Logan, and the fact of Sims being possessed of the land as tenant to M’Clintock when the decree was pronounced, is incbntestibly established by the evidence.
We attach no importance to the circumstances of the application for restitution having been made by M’Clintock, and not by Sims. As the landlord of Sims, we suppose M’Clintock must be understood do be bound to defend the possession, and as such, might correctly apply to the court to obtain the restoration of that possession, which had been illegally takfen from his tenant.
The order of the court must, therefore, he affirmed with costs.