Judge Underwood
delivered the Opinion of the Court.
This is an action of ejectment, instituted by Logan against Moore, to recover from the latter a part of Me-Nitt’s preemption in Fayette county, Logan, the lessor of the plaintiff, derives title from his father, David Logan ; the nature of whose title is fully explained by the decision of this court, rendered in the case of McNitt vs. Logan, reported in Lit. Sel. Ca. 60. By that opinion, David Logan was required to surrender to McNitt. The general court, in pursuance thereof, decreed that David Logan should convey by deed, “with warranty against himself and those claiming under him.” David Logan prosecuted a writ of error, with a view to reverse this decree. But it was affirmed by this court, as may be seen by the report of the case in Lit. Sel. Ca. 119. In 1816, the general court appointed a commissioner to execute a deed in pursuance to the decree, David Logan having failed to convey in person.
The present lessor and plaintiff in error claims the land in controversy, under one or more deeds executed to him by his father, David Logan, prior to the institution of the suit by McNitt against D. Logan, if the dates of the deeds are not false.
Upon the success of McNitt in the general court, James Logan, the plaintiff in error, was turned out of possession, in virtue of a writ of habere facias, which issued against David Logan. James moved to set aside the sheriff’s return, and to have restitution. In this he failed, as may be seen by a decision of this court in 3 Bibb 530. He then instituted an action of ejectment, and recovered against Steele’s heirs, who were made defendants. Tiie history of this suit may be learnt from a decision of this court, in 3 Marshall, 394. The heirs of Steele enjoined the judgment in ejeetmént; but James Logan fi *58 «ally prevailed, as may be seen by a decision of this court, reported in 4 Monroe, 430.
Evidence in this 'Case.
instructions.
The warranty of the ancestor — lineal, collateral, or commencing by dis-seizin — binds theheir (in Ken tucky) to the ex tent of the value of the lands to him descended: no further.
And the action of the heir will be barred for so much of the land held under the warranty of his ancestor, as is equal in value to that which he took by descent —and no further.
*58 The decision of the cases referred to, will shew every fact necessary to a correct understanding of this protracted litigation, so far as the titles of the parties are concerned.
Moore, the defendant, claims under Steele’s heirs.
The defendant gave in evidence a deed from John Bradford to David Logan,-for one hundred ninety nine and a half acres of land, and proved the value thereof to be about twenty dollars per acre. It was proved, that David Logan died seized of said land; and that he left as his heirs, five living children (among whom was the plaintiff,) and a grand child. It was proved, that the land in contest was worth about twenty dollars per acre ; but what quantity was in contest, the record does not shew. Nor does the bill of exceptions purport to certify all the evidence given on the trial.
The court, in substance, instructed the jury, that if the land left by David Logan Was of equal or greater value than the land in contest, then James Logan was barred in this action, notwithstanding his distributable share of the land descended was of less value than the land in contest; that the warranty, in the commissioner’s deed to Bernard McNitt, descended upon all David Logan’s heirs, and that if the entire land descended to all the heirs was of equal or greater value than the land in contest, James Logan was bárred by the warranty contained in the deed. The correctness, or incorrectness, of this instruction will decide the cause as now ; resented.
The correctness of the instruction can only be maintained upon the doctrines of the law relative to warranty — -of which, according to Littleton, there are three hinds, to wit: lineal, collateral, and that which commences by disseizin. Before the statute of Gloucester, lineal and collateral warranties which descended upon the heir, constituted a bar to his recovery of the land warranted, whether he had assets by descent from the warranting ancestor or- not. Warranties which commenced by disseizin had not that affect. Littleton, S. 697.
In England, the common law doctrine of warranty *59 has undergone various modifications by statute. See 2 Blackstone's Com, 302 — 3.
Parcener is not bound by the warranty of his ancestor beyond the value of his own share.
Our parent state, as far back as 1785, passed an act upon the subject, of which our statute of 1798, 1 Dig. 78, is a substantial, if not literal copy. According to Judge Tucker, in his comments, the effect of the Virginia act seeins to be, that ail warranties are void in regard to the heir, unless he have assets to some extent from the warranting ancestor. If the heir have assets to any extent, the warranty is binding upon him to that extent. See note 8th to Tucker's Blackstone, 2 vol. 303. If the heir have assets by descent, he is bound by the warranty of his ancestor, although it commenced by disseizin. Such is the effect of the second section of the statute.
If, then, James Logan had assets by descent from his ancestor, David Logan, of equal value with the tenement sued for, the warranty constituted a bar. If he had assets to some extent, but not of equal value with the tenement sued for, then the warranty would restrict his recovery in the proportion that the value of the assets descended bears to the value of the tenement.
The court, in its instruction, held James Logan accountable for the value of the whole one hundred ninety nine and a half acres of land, of which his ancestor died seized, when his portion, as a coparcener, amounted to one sixth part only. This we think erroneous. The object of the various statutory amendments of the common law was two fold. First : to prevent the ancestor from depriving the heir of his inheritance without transmitting to him an equivalent; and, second, to secure to purchasers their possessions, where the heir had in his own hands an indemnity for the loss sustained in consequence of the warranty. James Logan has no such indemnity in his hands. He can only claim, as a copar-cener, one sixth part of the estate descended. He does not claim the tenement sued for, as heir, but as a purchaser from his ancestor. If all the heirs were lessors in the action of ejectment, and the recovery was for their joint benefit, then, the warranty descending upon all, and the estate descending upon all being of equal value to that. sued for- the instruction would have been correct. *60 But, if James Logan is barred, he may be unable to obtain an indemnity from his co-heirs, and thus he would be visited with loss, contrary to the obvious intent oí the statutes amendatory of the common law.
A covenant of warranty, in a deed made by a commissioner, in pursuance of a decree, binds the (constituent) grant- or, nncLhis heirs, as effectually as Ms own proper • deed.
It does not appear in what character Moore, the defendant, held under Steele’s heirs. He may be tenant from year to year, tenant under an executory contract for purchase, or he may hold in his own right, under an executed conveyance. JNor does it appear at what time he, derived his interest or title from the Steeles. We are not disposed to enter into presumptions upon the subject, and shall, therefore, leave the other points relied on, open,'and not concluded either way.
It may be proper to remark, that we regard the deed made by the commissioner, on behalf of David Logan, in pursuance of the 1st section of the act of 1808, 1 Dig. 322, just as obligatory upon his heirs, in respect to the warranty which it contains, as if it had been executed by him in proper person. The object of that act was to provide for an effectual execution of the decree of the court, where the defendants were obstinate, or could net be reached by compulsory process. This object cannot be attained without allowing the commissioner to insert in the deed all such covenants as the decree requires.
Judgment reversed, with costs, and cause remanded for proceedings not inconsistent herewith.