■Judge Ewing
delivered the Opinion of the Court:
‘This case was formerly before this Court, and a statement of the case, as well as many principles seitléd in relation to it, will be found reported in 1 Dancds Rep. page 60 to 67*
Upon thé return of the cause to the Circuit Court, in addition to the facts formerly before the Court, the plaintiff introduced and read a copy of the original reCord of Payne v. Lively and others, in which, by the confession of Lively and others, defendants, a judgment kvas entered, “that the plaintiff recover against said de- “ fendants, agreeably to the amended survey filed herein-, “ his term yet to come of and in the premises in the “ declaration mentioned,” &c. Also-, a receipt dated the 22d of October, 1822, executed by John Morgan; executor of Gharles Morgan, deceased, acknowledging the receipt of one hundred and fifty dollars, the balance in full of thé land sold by Mountjoy, as agent for said Charles, deceased, to said Ball; and recognizing the sale made by said agent.
Evidence was, also introduced by the defendants, tending to show, that Charles Morgan was dead at the time of the sale and execution of the deed, by said agent to Ball.
Whereupon, the Court qualified an instruction asked by the plaintiff, in relation to the lease, by instructing *370 the jury as followeth, to-witi “That if Bali falsely rep- “ resented the facts to Lively, and Lively, confiding in “ them, accepted the lease, it was as much a fraud on “ Lively, as if Ball had known his representations to be “ untrue
Verdict &é.
A knowledge 'of the facts, and a deceitful intent, are both essential to make actual misrepresentations, or a concealment of the truth, amount to fraud in law. The statements which a party makes without knowing them to be untrue, sub ject him. to no liability (unless they amount to a warranty) how ever erroueous they may be, or however injurious to him who give» them credit;
And, at the instance of the defendant, among other instructions, instructed the jury, “that if they believe from the evidence, that Ball induced Lively by fraud, to accept the lease read in this cause, that said lease is void, and Ball'cannot recover of said Lively any land Under said lease, by virtue of said lease.”
A verdict was found for the defendant, and a judgment rendered thereon, and a motion for a new trial, predicated upon the erroneous instructions of the Court only, being overruled, the case has been again brought to this Court.
We cannot coücür in the' qualification given by the Court, to the instructions asked by the plaintiff. Fraud consists in á wilful misrepresentation of facts, or in a fraudulent concealment of them, with a view to deceive. If a party honestly believe the representations which he makes, to be true, he is guilty of no moral turpitude, or legal responsibility for making them.
The party to whom they are made, it is true, may be misled, but he is misled without intentional wrong on the part of him who makes them, and therefore has no remedy agaiftst him, on the score of fraud. One party confiding in the truth of tvhat he states, makes the representations. The other equally confiding in the truth of the representations, trusts ,to them. Both are mistaken and deceived; but neither has recourse upon the other, on the ground of fraud. To be guarded against injury, each of the contracting parties should inform himself of the true state of facts, or exact a warranty from the other, for his indemnity, knowing, as he should- be taught by the law, that he has no redress over, or dischai’ge from his Contract, unless he has been deceived into it by the wilful misrepresentations or fraudulent concealment of material facts, by the other contracting party.
Lively, therefore, cannot be relieved from the effects of bis lease, on the ground of fraud, unless he shows *371 that, the misrepresentations charged to have been made b.y Ball, were known by him to be untrue.
The record of an eject, shows a recovery on a confession of jndg’t, “ agreeably to the amended survey” filed in tha cause. It appears the pl’tf had been tenant-in-common with another,butthera had been a partition between them: presumed that the pl’tf’a recovery was lim ited to the part allotted to him, and thatthe sheriff had no right to deliver any land to him beyond its boundary.
The sheriff in executing a ha. fa. and the plaintiff in taking possesr sjon, must, at their peril, deliver and receive the parcel,recovered: if. they exceed it, they are trespassers, and restitution will be awarded.
An occupant turned out w‘lhout legal authority, is entitled to h?may°consent to surrender his ptóer^daimant" and hold under him; and if induced to do so, without fraud or deception, he is bourn! b.y the act, and cannot afterward^ dispute the title,or resist the recovery, of him under whom he has thus agreed, to hold,
But in relation to the habere facias in the name of Payne: it appears, that partition deeds were executed, between Morgan an,d Payne, prior to Payne’s original judgment in ejectment, informal, it is true, but substantially good, as we conceive.; whereby Payne’s part was allotted to him, in the lower part of the five thousand acre tract; and which interfered in, no.respect, with the possession of Lively. And if the connected plat exhibit ted in said record, as copied into this, be the amended survey alluded to in said judgment, it will appear therefrom, as well as from the deed and agreed facts in this case, that said division was made; that the. part allotted to Payne did not conflict with Lively’s claim..
We must, therefore, conclude that, the original judgment by confession, in favor of Payne, was. limited to the land allotted to him in said division. The scire facias and habere facias, as it should do, pursues, the judgment. And if Payne’s recovery is to be restricted to the land allotted to him, the sheriff had no legal authority to, deliver the possession of the land claimed and occupied by Lively, to Ball, or Payne, or any other, because it was not embraced by Payne’s recovery. For it is now well settled that, a plaintiff shall take, and the sheriff deliver, possession, at their peril, of the land recovered, to be ascertained by the title papers. And if possession is taken of other or more land than is embraced in the recovery, all concerned are trespassers, and restitution will be awarded, upon motion to the court from whence the execution emanated. 5 Lilt. Rep. 324; 2 J. J. Marshall, 389.
The possession, therefore, delivered to Ball, of the land in the occupancy of Lively, under the writ in favor x . , , . of Payne, was without legcl authority. And had Lively been turned out of possession by force, he would have had a legal right to restitution. But an occupant may voluntarily, by contract, yield up his possession to another, and agree to become his tenant. And if he *372 has done so, without fraud or deception as to his rights, he (is as much estopped to dispute the title of his landlord, as if he had been turned out of the possession legaily, by the process of the Court. If, therefore, Lively, without fraud in the execution of the process, or with a full knowledge of his rights under the judgment of Payne, has yielded up the possession to Ball, and agreed to become his tenant, he is estopped to resist Ball’s recovery in this, action, to the full extent of the lease.
A party having recovered ajudg-merit in eject, his agent sells the land; but it is said, he was dead before'the delivery of the deed. 3Ris ex’or, however,was authorized to sell the land, and he received the purchase money, acknowledging the. conveyance in the receipt: held that this was suf-' fieient fo authorize the purchaser to control the judg’t, revive it in the name of the ex’or, & gain the possession; and the ’ tenant ivas justifiable in surrendering to, and takinga lease finder, the purl-chaser. ’
In relation to the judgment in favor of Charles Mor? gan, revived in the name of John Morgan, executor; it appears, (though not very satisfactorily from the record. now before the Court,) that a part of Lively’s claim is embraced in said recovery. The judgment is “for the term yet to come pf and in an undivided moiety of so much improved land within the actual occupancy of the defendant, as is within the boundaries pf the patent of Morgan and Payne, and -without the boundaries of the patent of William Roberts.”'
If Ball had aright to revive said judgment, and have the possession delivered to him under it, the execution of the habere facias, to the extent of Morgan's recovery, was legal and proper; and to the same extent, we perceive no just ground to resist the recovery of Ball in this action,. We. do not think that the evidence is at all satisfactory, to establish the fact of the execution or delivery of the deed by Morgan’s agent, after his death. But if it were, we conceive that the reception of the consideration and the execution of the receipt by Morgan’s executor, who was authorized to sell lands, and the recognition of said sale, made by the agent, in said receipt, by a special reference to said deed, before any steps were taken by Ball tp revive said judgment, vested him with such interest, as would authorize him to take the necessary steps to revive said judgment, and obtain the possession of said land. He could not be regarded as an intermeddler, without interest or colour of interest, or that he had acted in said matter, without the authority of the executor, whose name was used, or Without colour of legal right.
the contract, re-' turn the thing' bought,orthe pay received, and recover back what °ne wll° IS defrauded in a con-^-act, has choice P.f remedies: he may stand 50 the bargain, arid ^ f°rv®‘jie fra|^a ^ he may rescind’ he paid, or sold;. but he cannot re-' ¡¡¡¡'„ w¡lut he re; oe‘.vedi and rex cover back what he parted with; in ejecj' is evicted, and; beeomes^tenMt' totheplt’f.orhis exph-at’ion^f the term, he refuses a new eject] be’; brought, he years law, con-not include the land, and he was induced by fraud to take the lease. But held, that this defence is not available. If there was no fraud about the lease, he is bound by it (tho9 the eviction may have been unauthorized;) and if there was vitiating fraud in the lease, before he can avoid it on that score, he must restore the possession.
We are therefore of opinion, that the delivery of possession to Ball, by the sheriff, under the writ of habere facias, to the extent of Morgan’s recovery, was legal, rightful and proper. And to that extent, Lively was rightfully evicted. And if he was led out of the door, and yielded his assent to this form of eviction, it was sufficient, without his forcible expulsion from the premises, with his goods and chattels.
Indeed, to the extent of the recovery against him, it was surely competent for Lively, without the coercion of a writ, to yield submission to the judgment, and take protection under the successful party, by the acceptance of alease under him.
Lively being rightfully turned out of possession to the. y , exlent ol Morgan’s recovery, or having yielded submission ty it, by the acceptance of a lease, the question occurs J l ~ ~ , -f r i ■ ... ,r T • r ,—what efiect will a fraud upon iiun,m the tease, it any existe.d, have upon his condition? or, to what extent can he avail himself of a fraud in the lease tp resist the plaintiff’s recovery in this action?
Fraud may be taken advantage of in two fopns: first— by an affirmance of the contract, and a recovery of damages for the injury: secondly—by a disaffirmance of , ° 7,’' 3 r , i ■ 7 -7 the contract, and the recovery of the thing parted with, as the consideration. By the latter mode, the contract , ,,. , . .. mu- i , is treated as a nullity ab initio. -*-nis mode can only be adopted upon certain terms. Those terms are, that he surrender, or tender a surrender, within reasonable time, to the other contracting party, of the thing which he has received under the disaffirmed contract. He is not permitted to hold on to the thing which he has received, and successfully ask a restitution of the thing which he has parted with under the contract.
To apply these principles to Lively: the judgment was properly revived by mil, and possession properly taken by him, to the 'extent of Morgan’s recovery. Lively has been restored to the possession, to that ex *374 tent, at least, by his contract of lease with Ball. Shall he now be permitted to disaffirm his contract of lease, ^y an of fraud in its execution, and still retain the possession of the land, and rely upon his posr session as adverse, so as to bar a recovery at all against him, by relying upon the statute of limitation?
We think not. He must restore the possession which he has rightfully received from Ball, and place him in statu quo, before he can disaffirm the contract upon the ground of fraud in the lease. It would not be proper to permit him to disaffirm the contract, and still retain the advantage which he has derived under it.
So, if no fraud has been practiced upon him in the lease, he is estopped to controvert the plaintiff’s right of recovery to the extent of Morgan’s recovery. And if fraud was practiced in the lease, he is still bound by the above principle, to restore the possession to the same extent.
If no lease had been made to him, Ball would nowT, to that extent, have been in rightful possession. And Lively could not have ousted him by writ of restitution. As he has parted with this possession, and Lively has obtained it, under him, he surely should be placed in statu qua. And Lively should not be permitted to question his right to. be placed in this condition. If so, Ball is the party defrauded, and not Lively. He is defrauded out of the possession tyhich he had rightfully obtained. And may, under the silent operation of the statute, be defrauded out of his land.
This would be visiting an alleged fraud in the lease, upon Ball with a vengeance unknown to the law.
We do not perceive that the principles here settled, are in conflict with the principles settled by this Court, when the case was formerly before them. The Court remark:—“If Ball, by fraudulent means, induced Lively “ to accept a lease, and become his. tenant of lands “ which had not been recovered in the actions of ejectment, “ the lease and tenancy being the work of fraud, might “ be disregarded.” “But even then, if Lively had been “ turned out of possession by process upon the judgH rpents in ejectment, and the possession delivered tp *375 165 Ball, he would have a right to recover in this action, all “ the land which had been legally delivered to him by the “ sheriff, under the writs of habere facias.”
Without noticing in detail the other instructions given and refused by the Court, it is the opinion of this Court that the Circuit Court erred in the qualification which he gave to the plaintiff’s instructions, and also, in the above instruction, given at the instance of the defendant; and that the judgment of the Circuit Court be reversed, and the cause remanded, that a new trial may be granted.