Spring Term
1839.

EJECTMENT.

# Lively *vs.* Ball.

[Mr. Owsley for plaintiff: Messrs. Crittenden and Cates and Messrs. Morehead and Brown for defendant.]

FROM THE CIRCUIT COURT FOR CAMPBELL COUNTY.

*June* 19.

Judge EWING delivered the Opinion of the Court.

References to 2 former decisions, and several questions heretofore settled, in this case.

THIS is the third time this case has been brought to this Court. The opinions of the Court, when the case was here the first and second times, will be found in 1 *Dana*, 60, and 4 *Dana*, 369. On those two occasions, it was brought here on the appeal of Ball, and now on the appeal of Lively.

It was distinctly determined in the latter opinion of this Court, that the recovery by confession in the action of ejectment of Payne *vs.* Lively, did not cover, or embrace, any of the land claimed or occupied by Lively, being restricted, as it was, to the part allotted to Payne, in the division between him and Morgan; and that "the possession delivered to Ball of the land, in the occupancy of Lively, under the writ in favor of Payne, was *without legal authority.*"

It was also distinctly determined, that by the judgment in the suit of Charles Morgan *vs.* Lively, revived in the name of John Morgan, executor, "an undivided part only, of the land claimed by, and in the occupancy of, Lively," was recovered, that is, "an *undivided moiety* of so much *improved* land within the actual occupancy of Lively, as was within the boundaries of the patent of Morgan and Payne, and without the boundaries of the patent of William Roberts;" and that Ball had a right to revive Morgan's judgment, and have possession delivered to him only to the *extent* of *Morgan's recovery,* which could not be construed to extend beyond the undivided moiety of the *improved land,* which was in the occupancy of Lively, outside of Roberts' patent, at the *time* of the *judgment* in favor of Charles Morgan.

It was also clearly settled that, as to so much of the

land as was embraced in the recovery of Morgan, so limited and understood, the delivery of possession to Ball was rightful, and to that *extent only*, and no *further*, Lively was estopped by the lease, accepted by him from Ball, from relying on the fraud of Ball, if any was practiced, to defeat his recovery, without having restored or tendered a restitution of the possession to Ball, to *that extent.*

We have re-examined the record with critical care, and still adhere to the opinions there expressed throughout.

But as to so much of the land claimed by, and in the possession of, Lively, as was not embraced in the recovery of Morgan, the ouster of Lively was without legal authority and wrongful; and he had a right, upon motion to the Court, to have the possession restored to him to the *extent* of *his wrongful ouster.* And to *that extent,* it was not intimated, nor intended to be intimated, that Lively was bound to restore, or tender a restitution of possession, before he could rely on the fraud or deception of Ball, if any was practiced, in ousting him from the possession wrongfully, and in inducing him to take a lease from him as to the *whole.*

And we now distinctly determine, from the records now before us, that as to so much of the land claimed by, and in the occupancy of, Lively, as was not embraced in Morgan or Payne's recovery against him, the possession was unlawfully and wrongfully taken from him, under the writs of possession, and he had a right to rely upon the fraud or deception of Ball, if any was practiced, in ousting him from *so much,* or to *such extent,* as was not so embraced; and in inducing him to take a lease from him as to the same.    And we would go further and say, (as is inferrible from the opinions before given,) that, if Lively, acting under a *mistake* or evident *misapprehension* of the *extent* of *the recovery against* him, and of the *extent* of *his rightful ouster* under the writ, was induced, from this mistake or misapprehension alone,

recovery, the defendant has surrendered, and has accepted a lease from the plaintiff, of some land that was not included in the judgment, he is not estopped by the lease, from disputing the lessor's title; but may defeat his recovery, as to so much as was surrendered solely thro' mistake or misapprehension.

viii. 40

---

*Margin notes:*

Spring Term 1839.

Lively
vs
Ball.

If, in the ex'on of a judgment in eject. more land is delivered to the pltf. than he has recovered, deft. may obtain restitution, by motion.  So, where the pltf. fraudulently or deceitfully obtains a surrender (without a *ha. fa.*) of more land than his judgment includes, the deft. may obtain an order of restitution, for all that the judg't does not include.

In ejectment for land which had been surrendered to the pltf. who had obtained a judg't of eviction against the deft. and had leased the land to him— the deft. may show that he was induced, by the fraud or deceit of the plaintiff, to surrender, and include in the lease, more land than the pltf. had judg't for; and, as to that part of the land, may thus defeat the action.—So also, where thro' mistake, or misapprehension, as to the extent of the

Spring Term
1839.

*Lively*
vs
*Ball.*

And as to so much of the land as was surrendered merely in consequence of fraud upon the deft. or mistake on his part alone, the running of the statute of limitations (of seven years) would not be stopped by the judg't, surrender or lease.

But if the possession was surrendered under a mutual mistake of both parties, as to the extent of the recovery—the possession under the lease, should be considered as amicable —suspending the running of the statute, until the tenant openly disclaimed the landlord's title, and assumed to hold adversely.

to accept the lease as to the whole, that as to so much as he was not rightfully turned out of possession, he was not estopped by his lease from controverting Ball's right to recover in this action.

And, as to so much of the land as was not recovered against him in those judgments, the running of the statute of seven years from the time he first took possession, is not saved or stopped by those recoveries; but he may rely upon it. Those judgments, when revived and executed, could only stop the statute from running, by relation to the commencement of the suit, for *that which was recovered* in the judgments, and not for that which was not recovered.

But, if the parties acted under a mutual mistake (as to the extent of the judgments) in making and accepting the lease, and there was no fraud on the part of Ball, we are of opinion that the possession of Lively, after the date of the lease, should be deemed amicable, and that the statute of limitations should not be regarded as running after the possession was taken under the lease, until Lively openly disclaimed holding under the lease.

A verdict has been rendered in this case in favor of Ball for the *whole land,* and that result may have been produced by the contradictory and erroneous instructions of the Court. Those given at the instance of Lively's counsel were proper, and contain clear and intelligible expositions of the law applicable to the facts of the case, so far as they go. Those given at the instance of the counsel of Ball are, many of them, contradictory to those given on the other side, and so numerous as to be calculated to mislead, perplex and divert the attention of the jury from those given on the other side, and to darken rather than enlighten, their judgments as to the law of the case. And some of them base the finding of the jury for the plaintiff, for the whole, upon the hypothesis of one aspect of the proof only being found by them, when another aspect of the proof might have been found by them, which would have precluded their right to find for the plaintiff, in part or in whole.

We will not stop to point out these errors in the instructions given, as we presume the Court or counsel can no longer misunderstand the opinions of this Court, as to the points of law involved, after the above view and explanation.

Judgment reversed, and cause remanded, that a new trial may be granted, without the payment of costs.