LIVELY
*vs*
BALL.

## Lively *vs* Ball.

ERROR TO THE CAMPBELL CIRCUIT.

*Instruction.    Testimony.*

CHIEF JUSTICE ROBERTSON delivered the Opinion of the Court.

EJECTMENT.

*Case* 24.

September 16.

The case stated.

. FOR the fifth and, as we trust, the last time, these parties are in this court, litigating conflicting claims to a small tract of land on the Ohio river. The former opinions of this Court, reported in 2 *J. J. Mar.* 181; 1 *Dana*, 60; 4 *Ib.* 369; and 8 *Ib.* 312, will show all the material facts involved in the case we are now revising, on a writ of error prosecuted by Lively to reverse a judgment for eviction from the whole of the land in contest in this suit, and which was rendered on a verdict obtained by Ball since the last return of the case from this Court to the Court below. ·

On this last trial there was, we think, no proof of fraud or available mistake in the execution of the contract under which Lively re-entered as the tenant of Ball, in the year 1825, unless such fraud or mistake should be sufficiently manifested by the character and legal effect of the judgments, in virtue of which *Lively* had just been evicted at the instance and for the benefit of Ball. And, as has been hitherto plainly indicated by this Court, there is no such intrinsic proof of either fraud or mistake as would *per se* compel, or perhaps even authorize a jury to

Without proof of fraud or mistake, in the execution of a lease, the tenant will be estopped to deny his landlord's title.

exonerate *Lively* from the estoppel resulting from the lease.

Moreover, the record now exhibits some countervailing testimony tending to the conclusion that *Lively*, knowing that he had no available title from either *Mrs. Cook* or others of Young's heirs, and doubting, as he well might, whether he could be protected to any useful extent by the limitation of seven years, determined spontaneously, and understandingly, that the best thing he could then do was to abandon all pretence of claim to the land as his own, and re-enter and occupy as *Ball's* tenant.

This Court will not reverse for an error of the Court in an instruction on one point where the verdict is clearly right on another point.

We cannot, therefore, disturb the last verdict unless the jury was misled by the Circuit Judge, or he erred in rejecting or admitting testimony. Seven instructions were given at the instance of Ball and eight on the other side; six of those given for *Ball* are unexceptionable— one only exhibits the semblance of error, and that is the fifth. But this error, if it be one, could not be deemed prejudicial, because, 1st, Ball seems to have been entitled to a verdict on the estoppel alone: 2d, the fifth instruction, given at the instance of *Lively*, gave to the jury the true principle of law applicable to the only facts assumed in Ball's fifth instruction; and we are satisfied that the jury was not misled or influenced in their verdict by Ball's fifth instruction.

This Court will not reverse on account of the exclusion of competent testimony unless it *appear* the party may have been injured thereby.

The only question made as to the admission or rejection of testimony arises from the rejection of *Robert Young* as a witness. First called to prove the execution of the conveyance by Cook and wife in 1815, he was rejected by the Court as incompetent, on the ground that, being a brother of Mrs. Cook, he was interested in *Lively's* success, because, if Ball should succeed, he (*Young*) might be liable for some restitution or re-partition to *Mrs. Cook*; but nevertheless, the deed was admitted as the conveyance of Cook alone; and so far, even if Young had been competent, Lively cannot complain of his rejection in the first instance, because the only fact which he could have proved, that is, the execution of the deed by the husband, was admitted. The same witness was, however, called again to testify generally; but as to what matter the record does not intimate, and was again re-

jected on the same ground.   In this last rejection there
was, in our judgment, no prejudicial error, because it not
only does not appear that the rejected witness would have
proved any thing material, but it does rather appear infer-
entially, that he would have proved nothing available;
and moreover, he should, in judgment of law, be deemed
interested on the side of *Lively*, in the event of this
action.

Wherefore, perceiving no substantial error for which
this last judgment should be reversed, and especially after
so many trials, we are of the opinion that there should be
an affirmance.

It is, therefore, considered that the judgment now
sought to be reversed, be and the same is hereby af-
firmed.

*Owsley* for plaintiff; *Cates and Lindsey* for defendant.