*A. H. Fields, for appellants.*

*J. V. J. McConathy, Thompson, for appellee.*

---

JAMES CAMPBELL ET AL. *v.* L. M. FLOURNOY, &c.

Judicial Sale—Purchase Pending Litigation—Notice.
A purchaser of land at decretal sale, pending the litigation, is bound to take notice of all that had been then done, or might thereafter be done in the case.

Same—Covenant of General Warranty.
A covenant of warranty in a commissioner's deed, made in pursuance of a decree, binds the constituents and their heirs as effectualy as if made by them in their proper person.

Same—Setting Aside Sale—Return of Purchase Money.
In no event will a decretal sale be set aside by the party procuring it without tendering the purchase money.

APPEAL FROM M'CRACKEN CIRCUIT COURT.

January 30, 1872.

OPINION OF THE COURT BY JUDGE PETERS:

A suit was brought by G. R. H. Clark, alleging that William P. Clark, died in St. Louis, Mo., intestate, without issue, and without personal estate sufficient to pay his debts; that decedent, together with plaintiff, M. L. Clark, and J. K. Clark, children and only heirs of Gen. W. Clark, had inherited lands in McCracken county, and town lots in Paducah, which had been partitioned amongst said persons, the heirs at law of their father. That lot No. 1 had been allotted and set apart to said William P. Clark, deceased,

with other lands in said county; that decedent at the time of his death, was indebted to plaintiff in the sum of $316, no part of which had been paid, and he prayed that said "lot No. 1, north of the base line lying on the Ohio river and binding on Island Creek containing ———— acres be sold, or so much as would be required to pay his debt, interest and costs. And his co-heirs M. L. Clark, J. K. Clark, and Samuel Churchill vendee of M. L. Clark were made defendants to said suit. J. K. Clark was alleged to be an infant under 21 years of age, and M. L. Flournoy was appointed guardian *ad litem*, and answered for him. Samuel Churchill answered.

On the 4th of April 1845 a judgment was rendered in the suit adjudging to the plaintiff the sum of $316, with interest from the 14th of December, 1841, till paid and costs, and that the tract of land mentioned in the bill, and shown by exhibit B and known as number one, north of the base line lying on the Ohio river and binding on Island Creek, containing ———— acres, or so much thereof as might be necessary, be sold to pay said debt.

In June, 1845, Small, the commissioner, appointed to make the sale, sold the land and at the July term, 1845, he reported that he exposed to sale on the 9th of June, 1845, the tract of land mentioned in the decree, and the whole tract being bid up to the amount of the debt, interest and cost. He designated a portion on the lower end of the tract to be laid off by lines running parallel with the upper boundary line of the town of Paducah, from the river to the back line of the tract, and cried the same. And Philip Marouse, and James Campbell, bid, and undertook to pay said debt, interest and cost for 39 acres of the land laid off as above described, the land struck off to them and the sale reported to the court the 9th of July, 1845, when it was approved, and confirmed by the court. At the October term, 1848, Marouse and Campbell produced their written consent and agreement that the 39 acres of land purchased by them as aforesaid, should be conveyed to Henry Glass, and the court thereon ordered said Small, as commissioner, to make the conveyance to Glass. On the 26th of October, 1848, the said commissioner after reciting the decree, sale, and confirmation thereof, conveyed to said Glass, for and on behalf of G. R. H. Clark, M. L. Clark, and Samuel Churchill, his vendee, and J. K. Clark thirty-nine acres of land, being part of *"lot No. One,"* on said

division, north of the base line, beginning at the lower corner of lot No. 1, on the river and describes the parcel of land by metes, and bounds.

On the 24th of February, 1847, G. R. H. Clark for a valuable consideration as expressed in the deed, conveyed a number of town lots in Paducah, and various tracts of land in McCracken county to L. M. Flournoy, and amongst the tracts of land so conveyed is a tract described as "Lot No. 2" north of the base line as laid down on the amended map, and report of said commissioners as filed in the McCracken circuit court, and accepted, and confirmed by said court, containing 201 acres, more or less, lying on the waters of Cross Creek.

On the 22nd of April, 1847, Flournoy, Norton & Jones, Flournoy having conveyed an interest in the lands purchased by him of G. R. H. Clark, to the two latter, filed their petition in the suit of Wm. P. Clark's Administrator vs. His Heirs and Creditors in said court praying that the plaintiff in said suit should be compellled to make them defendants, setting up the conveyance from G. R. H. Clark, and assign as a reason for seeking to be made defendants in that suit, that they may be placed in a condition to assert their claim to the 201 acres in No. 2 according to the report of the commissioners, and that they may except to the report, and plat of the surveyor.

They were made defendants, and no further action seems to have been taken by them until the 8th of November, 1856, when the death of Jones was suggested and a revivor was made in the name of his heirs, and in an amended cross-petition, in which after recapitulating the facts in relation to the various suits to subject the real estate of W. P. Clark, deceased, to the payment of his debts. They state that they were to have 60 acres of land taken from the original division giving the manner it was to be laid off, and after stating that they are the legal, and equitable owners of lot No. 2, they pray the court to decree to them a perfect title to the land, the possession thereof. But little seems to have been done in the case until the 15th of October, 1863, when as the record shows Fournoy and his vendees filed an amended petition in which after, in an extended manner recapitulating the modes in which the Clarks derived title to the land, the various suits growing out of the death of Wm. P. Clark, they state the facts in relation to the suit of G. R. Clark vs. Wm. P. Clark's heirs, &c., and allege that when the deed was

made to Glass the suit was off the docket, and that said G. R. H. Clark, being out of court, knew nothing about what was done in the case and that the order of the court directing the conveyance to be made to Glass, and the deed made to him in conformity thereto are void, and that the deed included land not decreed to be sold, and which did not belong to the estate of W. P. Clark, that the court have no power to sell said land and that the conveyance to Glass was void; and pray to have it set aside.

On final hearing the prayer of the petitioners was granted, Glass' deed cancelled so far as any of the land included in it was alleged to have been embraced in the amended report of the commmmissioners and appellants, ordered to pay the costs. No provision was made to refund to Glass, or his vendors, the money paid by them to G. R. H. Clark, nor does it appear that he was before the court on the cross bill of appellees. And from that judgment this appeal is prosecuted.

In the first place Fournoy purchased, pending the litigation, between G. R. H. Clark vs. Wm. P. Clark's heirs, and is therefore bound to take notice of all that had been then done, or might thereafter be done in the case. The judgment for the sale of the land had been rendered and it conformed precisely to the allegations of the petition as to the description of the land. The sale seems to have been made in conformity to the judgment. The vendor of appellees got the price for which the land was sold, was in court when the sale was made, and when it was confirmed, and made no objection to the conveyance. The commissioner, who made the sale and conveyance to Glass, was one of the commissioners who divided the lands amongst Clark's heirs. And it is strange that he did not know it, if he was conveying a part of lot No. 2 to Glass. That conveyance contains a covenant of general warranty against appellee's vendor, G. R. H. Clark. And this court has held that a covenant of warranty in a deed made by a commissioner in pursuance of a decree binds the constituents, their heirs, &c., as effectually as if made by them in their proper persons. Logan vs. Moore, 1 Dana, 57.

Nor do appellees occupy any more favorable position than G. R. H. Clark himself, as before remarked. And this case presents parties seeking to set aside a sale and conveyance procured by themselves or their vendor, the proceeds of which he has received

and applied to his own use, without tendering to the purchaser the money he had paid, or showing that other land can be conveyed in place of that he must be deprived of, and that, too, without his fault, for it is not charged that the deed was made by mistake, nor that there was any fraud in its procurement, nor is it alleged in any of the pleadings that lot No. 2 contains less land than 201 acres, the quantity called for in appellees' deed. These appellees are in no better condition than G. R. H. Clark would occupy if he were asking relief. And if he were not estopped from setting up claim to the land which he had sold and appropriated the proceeds, the chancellor certainly would not hear him complain until he tendered back the money he had thus appropriated and unless he had done so his bill would be dismissed. In any view of this case appellees failed to show that they were entitled to relief and their petition should have been dismissed. Wherefore the judgment is reversed and the cause remanded with directions to dismiss the cross-petition of appellees.

*J. Campbell,* for appellants.
*Williams,* for appellees.