R. F. CRADDOCK *v.* MARY EWIN.

[Abstract Kentucky Law Reporter, Vol. 6—309.]

**Estoppel of Tenant.**

While a tenant owes strict fidelity to the landlord, he is not estopped from denying his landlord's title where the lease is procured by fraud by the landlord and in fact the tenant owns the property.

**Real Estate Held in Trust.**

> One who agrees to buy in property sold at judicial sale for the
> owner and who does so cannot claim the ownership himself but must
> carry out his trust.

### APPEAL FROM GREENE CIRCUIT COURT.

October 23, 1884.

OPINION BY JUDGE HOLT:

Warren Ewin, the husband of the appellee Mary Ewin died, ow-
ing a small balance of purchase money for their home; and it being
about to be sold in 1871 under a decree enforcing the purchase-
money lien, the widow through her father, procured one Blakeman
to attend the sale with her under an agreement, that he would buy
it for her, and permit her thereafter to redeem it.

Upon the day of sale however and just prior to the time when
it was to be made, the appellant, R. F. Craddock, agreed to buy the
land for her; and Blakeman, being informed of this arrangement
did not bid for it, although he was present at the sale.

The appellee bid it in for $63.00, it being then worth not less
than $800.00.

The appellant and the appellee have both testified in the case.
They do not contradict each other as to the fact that the appellant
bought the land for the appellee; but while the latter testifies, that
the former agreed upon that day to buy it for her and subsequently
agreed with her that she should have ample time within which to
redeem it, he testifies that the agreement was that he was to buy it,
and if she paid the sale bond at maturity (which he would have
to execute) then the deed to the land was to be made to her; but
if he paid the purchase money, then the deed was to be made to him.

In short the difference upon this point between them is as to the
time within which the appellee was to redeem the property.

The appellant paid the sale money and obtained a deed; but al-
lowed the appellee to remain in possession of the land from that time
until 1877—a period of six years—without paying or agreeing to pay
any rent; during which time she cleared a part of the land, erected
outbuildings upon it and otherwise improved it.

On February 6, 1877, however, he procured her signature together
with that of one, W. E. Clark, to a lease of the land by them jointly

for that year; and she having held possession for a considerable length of time after the expiration of the lease was then dispossessed by the appellant by a writ of forcible detainer; and she then brought this suit to recover the land, alleging that the appellant had purchased it in trust for her and that she had in fact repaid him the purchase money.

The lower court held, that the appellant must make the appellee a deed to the land upon the payment by her to him of the $63.00 (which he paid for it) with interest thereon from the date of the purchase, together with any taxes paid by him upon the land; allowed her until the first day of the next term of the court to make such payment; ordered the notes given by her for the rent of the land to be cancelled, and the appellant to pay the costs of the suit. From this judgment he has appealed; and it is urged at the threshold, that the appellee, being the tenant of the appellant, can not controvert his title.

She testifies however that when she signed the lease, the appellant told her that he did not expect to make her pay any rent, and that his only purpose was to bind Clark for it.

The testimony of the appellant fails to contradict this statement.

The reply of the appellee alleges that "it was of defendant's own wrong, and by his fraudulent dealing with her in not conveying said land to her; and wrongfully appropriating the money paid by her for the same that she was forced to rent the said land of defendant."

This is an express charge of fraud with a statement of the facts constituting it; and being undenied it is admitted.

While a tenant owes strict fidelity to the landlord and can not deny his title, yet this rule does not apply if the lease is procured by fraud. It does not then constitute an estoppel. *Ball v. Lively*, 1 Dana, 60, 2 J. J. Marsh. (Ky.) 181.

The testimony is convincing that the appellant bought the land for the appellee; and that he recognized the trust after he had obtained a deed to the land.

About a year after the purchase the appellee sold to the appellant, or a firm of which he was a member, a crop or part of a crop of tobacco, the price of which amounted to much more than what the appellant had paid for the land and interest thereon to that date.

The appellee was then owing an account to the firm, but it did not equal the price of her tobacco.

When it was delivered she directed and insisted that so much of its price as was necessary to repay the appellant what he had paid for the land and interest thereon should be so applied; and she seems to have supposed at least for some time after, that it had been done; but in point of fact the entire price of the tobacco was put to her credit with the firm.

The appellant however then told her in substance "Never mind. Just pay the store account and taxes, and some other time will do for the land."

The testimony is conflicting as to whether she acquiesced in this or not; but in view of the fact that the judgment requires her to pay the land money upon the idea doubtless that she had in any event received the benefit of the price of the tobacco, and as she is not appealing, it is immaterial whether she agreed to appellant's proposal or not.

It however conclusively shows a recognition by both of them of the existence then of the trust as to the land.

The testimony of the appellee as to the statement then made by the appellant is confirmed by a disinterested witness, who heard it; and the appellant in his own testimony singularly fails to disprove it provided he never made it.

The circumstances brought out by the testimony sustain the appellee in her version of the transaction. The appellant permitted her to remain in possession of the land for years after his purchase, as if she were the owner.

During that time she cleared a part of the land, erected additional buildings upon it and otherwise improved it; and did so, presumably with the knowledge of the appellant.

The delay in redeeming the land should not defeat her. She offered to pay the appellant his money in about a year after the purchase, and was told by him that "any other time would do". Moreover there can from the testimony be no doubt but what at various times between the date of the purchase and the bringing of this suit the trust was admitted by the appellant to the appellee.

Her testimony upon this point is positive; while his is evasive. He says, "I don't know that there was ever any special understanding between us about the land. For several years after that (the date

of the purchase) she would tell me, that the next year she was going to raise a big crop of tobacco, etc., and would ask me if she might redeem it. I always told her, that when she raised the money it would be time enough to attend to that."

The appellee evidently confided in the appellant as her friend. He was accustomed, while she was unaccustomed to business. He prevented her friend Blakeman from purchasing the land for her by doing so himself; and it is hardly supposable, that he did it upon the condition that if she did not within a short time and upon the maturity of the sale bond, pay the purchase money that the land was to belong to him, when at that very time another friend was present ready to buy it for her without any condition so far as the testimony shows, save the re-payment of the purchase money and the interest thereon within a reasonable time.

The attitude of the appellant, as shown by this record, does not commend his claim to a court of conscience.

He obtained the land in which the appellee was interested as the widow of her husband, for a mere pittance, not one-twelfth of its value. By the counter-claim asserted in his answer he says he is entitled to recover from her a rent of $75.00 per year and that the use of the land is reasonably worth this sum, when he gave but $63.00 for it.

He should be contented with his purchase money and the interest thereon and what taxes he has paid on the land. All this the lower court allowed him. It made him whole; and can not be permitted to refuse to perform the trust which he voluntarily undertook and which the appellee confided to him.

The appellant having acquired the legal title to the land by purchase at an execution sale under a verbal agreement with one interested in it that it should be held as security for the money advanced by the former and the interest thereon, subject to the right of the person interested to redeem it, an enforcible trust was created which this court will not disregard. *Williams v. Williams,* 8 Bush 241.

Judgment *affirmed.*

Judge Lewis not sitting.

*J. W. Williams, D. A. Caldwell, for appellant.*